**ENTERED**
**NOV 5 — 2004**
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

# UNITED STATES DISTRICT COURT
NORTHERN District of WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>RONALD L. HALSTEAD | **AMENDED JUDGMENT IN A CRIMINAL**<br>Case Number: 1:01CR045-004<br>USM Number: 53224-019<br><br>Defendant's Attorney |

**Date of Original Judgment:** June 4, 2004
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court    ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)
☒ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☒ was found guilty on count(s)  1 through 26 - Conviction on Counts 17 through 26 vacated on March 5, 2003.  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §371 &<br>18 U.S.C. §§1341 & 1347 | Conspiracy to Commit Mail Fraud and Health Care Fraud | 05/97 | One |
| 18 U.S.C. §1347 & | Health Care Fraud | 05/97 | Two - Fifteen |
| 18 U.S.C. §1956(h) and (a)(1)(A)(i) | Money Laundering Conspiracy | 03/97 | Sixteen |

   The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☒ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

06/04/2004
Date of Imposition of Judgment

*/s/ Irene M. Keeley*
Signature of Judge

Irene M. Keeley, Chief United States District Judge
Name and Title of Judge

November 5, 2004
Date



AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case 1:01-cr-00045-IMK-JSK Document 379 Filed 11/05/04 Page 2 of 9 PageID #: 7489
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page __2__ of __6__

DEFENDANT: Ronald L. Halstead
CASE NUMBER: 1:01CR045-004

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 121 months - consisting of 60 months on Count 1; 120 months on each of Counts 2 through 15; and 121 months on Count 16, all to run concurrently.

X  The court makes the following recommendations to the Bureau of Prisons:
That the defendant be incarcerated at an FCI or a facility as close to his home in Scottsdale, AZ as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  X  the defendant shall remain on bond pending the appeal in his case.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.
  ☐ on _____ , as notified by the United States Marshals Service.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Ronald L. Halstead
CASE NUMBER: 1:01CR045-004

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

Case 1:01-cr-00045-IMK-JSK   Document 379   Filed 11/05/04   Page 4 of 9   PageID #: 7491

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case                                    (NOTE: Identify Changes with Asterisks (*))
           Sheet 3C — Supervised Release
                                                                                  Judgment—Page __4__ of __6__

DEFENDANT:      Ronald L. Halstead
CASE NUMBER:    1:01CR045-001

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay to the United States, a fine of $5,000. If the fine is not paid in full upon the defendant's release from prison, he shall make a payment of $50 per month while on supervised release until the fine is paid in full.

2. The Court finds that the defendant does not have the ability to pay interest on the fine and will waive interest.

3. The defendant shall pay a special assessment fee to the United States of $100 on each count of conviction (Counts One through Sixteen) for a total special assessment fee of $1,600.

4. The defendant shall pay any financial penalty that is imposed by this judgment during the period of imprisonment at the direction of the Bureau of Prisons. It shall be a condition of supervised release that the defendant pay any such fines or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Court ordered schedule of payments.

5. The defendant shall provide the Probation Officer with access to any requested financial information.

6. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment payment schedule.

7. *The defendant shall pay restitution in the amount of $45,900.46 jointly and severally with defendants William C. Filcheck, Jr. (Case No: 1:01CR0045-002) and Scott G. Taylor (Case No.: 1:01C R045-003).

AO 245C   (Rev. 12/03) Amended Judgment in a Criminal Case
             Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page  5  of  6

DEFENDANT:           Ronald H. Halstead
CASE NUMBER:         1:01CR045-004

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine**   | **Restitution** |
|--------|----------------|------------|-----------------|
| TOTALS | $ 1,600.00     | $ 5,000.00 | $ *45,900.46    |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

*X The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| *See attached Amended Restitution Order with updated Restitution Table. | | | |

TOTALS       $ _____       $ _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   X  the interest requirement is waived    X  fine    X  restitution.

   ☐  the interest requirement for    ☐  fine    ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 12/03) Amended Judgment in a Criminal Case
         Sheet 6–Schedule of Payments 5 — Criminal Monetary Penalties                              (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   6   of   6

**DEFENDANT:**   Ronald L. Halstead
**CASE NUMBER:**   1:01CR045-004

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with  ☐ C,  ☐ D  ☐ E,  ☐ F, or ☐ G below); or

**B** X Payment to begin immediately (may be combined with   ☐ C,   ☐ D,   ☐ F, or   ☐ G below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

**F** X Special instructions regarding the payment of criminal monetary penalties:

*Financial obligations ordered are to be paid while the defendant is incarcerated, and if payment is not completed during incarceration, it is to be completed by the end of the term of supervised release. While incarcerated, the defendant shall make a monthly payment of $40 toward the restitution assessed in this case. If he cannot afford this payment or payment of any other monies owed, he must sign an Inmate Financial Responsibility Agreement to allow the Bureau or Prisons to withdraw up to 50% of any monies that he earns or receives, not to exceed $40 per month toward payment of the restitution.

**G** ☐ Special instructions regarding the payment of criminal monetary penalties:

   The defendant shall immediately begin making restitution and/or fine payments of $_____ a month, due on the first of each month. These payments shall be made during incarceration, and if necessary, during supervised release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to Clerk, U. S. District Court, Northern District of West Virginia, P.O. Box 1518, Elkins, WV 26241.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
☐ Joint and Several
*The defendant shall pay restitution in the amount of $45,900.46 jointly and severally with defendants William C. Filcheck, Jr. (Case No: 1:01CR0045-002) and Scott G. Taylor (Case No.: 1:01C R045-003).
   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court issued a preliminary judgment of forfeiture with regard to Count Thirty. The Court ordered the defendant to forfeit a sum of money equal to the loss of $1,916,262, pursuant to 18 U.S.C. §3 and Rule 32.2(b)(1) of the Rules of Criminal Procedure.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    CRIMINAL NO. 1:01CR00045
    (Judge Keeley)

WILLIAM C. FILCHECK, JR.,
SCOTT G. TAYLOR, and
RONALD L. HALSTEAD,

    Defendants.

## AMENDED RESTITUTION ORDER

On August 26, 2004, pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A(a)(1) ("MVRA"), the Court ordered $45,900.46 in restitution for victims of certain property crimes identified by the United States according to an attached table. Because the United States did not provide any contact information for the victims in its initial request for restitution, the Court ordered it to file this information by August 31, 2004. The United States has complied with the Court's order and the updated contact information is set forth in the attached table. Using this new contact information, in compliance with the Court's previous order, the Court **ORDERS $45,900.46** in restitution to the victims identified by the United States according to the attached updated table. The Court finds that the restitution amount is not

USA V. FILCHECK, TAYLOR AND HALSTEAD                              1:01CR45

## AMENDED RESTITUTION ORDER

excessive as to any of the defendants and **ORDERS** them **JOINTLY AND SEVERALLY LIABLE** for the restitution payments.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this order to counsel of record, the defendants, and the United States Probation Office.

DATED: October _____22_____, 2004.

                                              /s/ Irene M. Keeley
                                              IRENE M. KEELEY
                                              UNITED STATES DISTRICT JUDGE

United States v. Ronald L. Halstead  
United States v. William Filcheck  
United States v. Scott Taylor

Criminal Action No. 1:01CR45

## Updated Restitution Table

| Victim | Restitution Owed |
|---|---|
| Medicare Part B<br>C/O Nationwide Insurance Co<br>Attention: Craig Curry<br>3400 Southpark Place<br>Grove City, OH 43123 | $7,688.89 |
| Mountain State BlueCross BlueShield<br>Attention: David Marion<br>P.O. Box 1353<br>Charleston, WV 25325 | $12,934.40 |
| West Virginia Public Employees Insurance Agency<br>Attention: Keith Huffman<br>State Capital Complex<br>Building 5, Room 1001<br>1900 Kanawha Blvd., East<br>Charleston, West Virginia 25305 | $11,008.97 |
| RailRoad Maintenance and Industrial Health and Welfare Fund<br>Attention: Dora Crenshaw<br>2205 West Wabash Avenue<br>Suite 211<br>Springfield, IL 62704 | $3,288.00 |
| Acordia National<br>Attention: Rick Adkins<br>602 Virginia Street, East<br>Charleston, WV 25301 | $10,980.20 |
| **Total** | $45,900.46 |