JUDGMENT

FILED: February 8, 2006

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

**FILED**

**FEB 1 0 2006**

U.S. DISTRICT COURT

No. 04-4472
CR-01-45

UNITED STATES OF AMERICA

        Plaintiff - Appellee

  v.

WILLIAM C. FILCHECK, JR.

        Defendant - Appellant

No. 04-4482
CR-01-45

UNITED STATES OF AMERICA

        Plaintiff - Appellee

  v.

RONALD L. HALSTEAD

        Defendant - Appellant

No. 04-4485
CR-01-45

UNITED STATES OF AMERICA

        Plaintiff - Appellee

  v.

SCOTT G. TAYLOR

        Defendant - Appellant

---
Appeal from the United States District Court for the
Northern District of West Virginia at Clarksburg
---

In accordance with the written opinion of this Court filed this day, the Court affirms in part and vacates in part the judgment of the District Court. This case is remanded to the District Court for further proceedings consistent with the Court's opinion.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate.

/s/ Patricia S. Connor
CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4472

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

versus

WILLIAM C. FILCHECK, JR.,

                Defendant - Appellant.

No. 04-4482

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

versus

RONALD L. HALSTEAD,

                Defendant - Appellant.

No. 04-4485

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

versus

SCOTT G. TAYLOR,

Defendant - Appellant.

---

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Chief District Judge. (CR-01-45)

---

Submitted: January 11, 2006         Decided: February 8, 2006

---

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Joseph J. Harris, Morgantown, West Virginia; Richard A. Jaffe, Houston, Texas; James B. Zimarowski, Morgantown, West Virginia, for Appellants. Thomas E. Johnston, United States Attorney, Wheeling, West Virginia; Patrick M. Donley, Robert F. Adams, Daniel S. Goodman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William C. Filcheck, Jr., Ronald L. Halstead, and Scott G. Taylor appeal their convictions and sentences for conspiracy to commit health care fraud in violation of 18 U.S.C. § 371 (2000), and health care fraud in violation of 18 U.S.C. § 1347 (2000). Halstead also appeals his conviction and sentence for conspiracy to launder money in violation of 18 U.S.C. § 1956(h) (2000). We affirm Filcheck, Halstead, and Taylor's convictions, but we vacate their sentences and remand for resentencing in light of United States v. Booker, 543 U.S. 220 (2005).

The Appellants challenge the sufficiency of the evidence against them. In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court has defined "substantial evidence," in the context of a criminal action, as that evidence which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996).

The Government presented sufficient evidence to prove that Halstead created and instructed a system at the clinic to recruit new patients, convince them of the need for unnecessary treatments, perform the maximum amount of reimbursable treatments

regardless of medical need, and then bill insurance companies under doctors' signatures without their consent. The Government presented sufficient evidence that Filcheck and Taylor were fully aware of and participated in the fraudulent practices at the clinic. The Government also presented sufficient evidence supporting Halstead's money laundering conviction. The jury reasonably accepted as sufficient the evidence to support Appellants' convictions, and we find no basis to overturn that determination.

The Appellants next contend that the district court improperly denied their requests to admit certain evidence. This court reviews the admissibility of evidence for an abuse of discretion and will not find an abuse unless a decision was "arbitrary and irrational." United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002). The district court did not abuse its discretion in denying Halstead's request to admit seminar materials because the materials were not relevant to office manager Ernest Twigg's testimony and were potentially confusing to the jury. As the district court stated, Halstead could have introduced the materials at a later time, but did not. The district court's evidentiary ruling was neither arbitrary nor irrational.

The district court also did not abuse its discretion in denying Taylor's requests to ask an investigator about potentially exculpatory statements. Those statements were not admissible under

Fed. R. Evid. 106 because that rule "applies only to writings or recorded statements, not to conversations." United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996). Taylor was also not prejudiced because he testified about those statements. The district court's evidentiary ruling was neither arbitrary nor irrational and it did not abuse its discretion.

The Appellants further claim the district court erred in its jury instructions. This court reviews a district court's decision whether to give a jury instruction for abuse of discretion. United States v. Kennedy, 372 F.3d 686, 698 (4th Cir. 2004). The Appellants claim the district court abused its discretion when it did not include an "incident to" jury instruction requested by Halstead that addressed the billing of tests and services performed by someone other than a medical doctor under the doctor's name. A physician does not need to be present while health care personnel in their office provide a specific treatment procedure, but such treatments must be part of a course of treatment prescribed by a physician with the physician's active participation in monitoring the entire treatment plan. In the instances of fraud in this case, the medical doctors did not initially examine any of the patients, did not prescribe any course of treatment, and did not monitor treatment. The Appellants failed to provide sufficient evidence that they engaged in "incident to"

billing and the district court did not abuse its discretion in refusing to submit the requested jury instruction.

The Appellants also claim that the district court erred by including a jury instruction regarding deliberate ignorance, also known as willful blindness. "A willful blindness instruction is proper when the defendant asserts a lack of guilty knowledge but the evidence supports an inference of deliberate ignorance" on the defendant's part. United States v. Ruhe, 191 F.3d 376, 384 (4th Cir. 1999). The district court properly gave such an instruction because while each of the Appellants claimed they did not know of the fraudulent billing, the evidence fully supported the inference of deliberate ignorance.

The Appellants next claim that the district court erred in ordering restitution. This court reviews a district court's order of restitution for abuse of discretion. See United States v. Vinyard, 266 F.3d 320, 325 (4th Cir. 2001). The government bears the burden of establishing each victim's amount of loss by a preponderance of the evidence. See United States v. Henoud, 81 F.3d 484, 490 (4th Cir. 1996). The district court found that it was required to order restitution under the Mandatory Victims Restitution Act. See 18 U.S.C. § 3663A(a)(1) (2000). The district court limited the restitution to the injuries proven at trial. The Government calculated the amount of loss from the injured parties in the indictment and proved the restitution amounts by a

preponderance of the evidence. The district court did not abuse its discretion in calculating restitution.

The Appellants finally claim that the district court improperly sentenced them when it imposed a sentence greater than the maximum authorized by the facts found by the jury alone. Because they failed to raise this claim below, we review it for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). The district court imposed numerous enhancements to the sentences of each Defendant in this case. The district court erred because the enhancements occurred under the mandatory guidelines scheme.* Hughes, 401 F.3d at 547. That error was plain because Booker abrogated the previous law of this circuit. Id. at 547-48. To affect their substantial rights, the sentences imposed must have been longer than what could have been imposed based on the jury's finding. Id. at 548. As this was the result of the application of the enhancements in these cases, the district court's offense level increases violated the Sixth Amendment.

In light of Booker, we vacate Filcheck, Halstead, and Taylor's respective sentences and remand for resentencing. Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct.

---

*Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of sentencing.

at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546 (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,<br>VACATED IN PART, AND REMANDED