IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD L. HALSTEAD,**

        Petitioner,

v.                        CIVIL ACTION NO. 1:08cv135
                          CRIMINAL ACTION NO. 1:01cr45-4
                          (Judge Keeley)

**UNITED STATES OF AMERICA,**

        Respondent.

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

On July 16, 2009, the Court dismissed with prejudice the petitioner, Ronald L. Halstead's ("Halstead"), amended petition under 28 U.S.C. § 2255 for writ of habeas corpus. Pursuant to 28 U.S.C. § 2253(c), on July 21, 2009, Halstead moved the Court for a certificate of appealability ("COA"). For the reasons that follow, the Court **GRANTS** Halstead's application for a COA.

### I.  Standard

"A certificate of appealability may be granted only where there is 'a substantial showing of the denial of a constitutional right.'" Medellin v. Dretke, 544 U.S. 660, 666 (2005)(emphasis in original)(quoting 28 U.S.C. § 2253(c)(2)).  However, "[t]he 'substantial showing' required for a COA is a lesser showing than would be required for Petitioner to prevail on the merits of

**HALSTEAD v. UNITED STATES**                          **1:08cv135/1:01cr45-4**

### ORDER GRANTING CERTIFICATE OF APPEALABILITY

his/her petition." Mosley v. U.S., 2006 WL 406801, at 1 (D.S.C. 2006)(citing Barefoot v. Estelle, 463 U.S. 880, 895 (1983)).

> Where a district court has rejected [a petitioner's] constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Moreover, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003).

### Santos v. United States

In Santos v. United States, ___ U.S. ___, 128 S.Ct. 2020 (2008), the United States Supreme Court interpreted the definition of "proceeds" as used in 18 U.S.C. § 1956(a)(1). Justice Scalia, joined by Justices Souter, Thomas, and Ginsburg, found that the term "proceeds" in § 1956(a)(1) was ambiguous because (1) the statute does not define "proceeds," (2) "proceeds" can mean either "receipts" or "profits" in both ordinary usage and in the Federal Criminal Code, and (3) the statutory context of the word "proceeds" in § 1956(a)(1) does not favor either interpretation. Santos, 128 S.Ct. 2024-2025. Justice Scalia concluded that "the 'profits'

**HALSTEAD v. UNITED STATES**                    1:08cv135/1:01cr45-4

### ORDER GRANTING CERTIFICATE OF APPEALABILITY

definition of 'proceeds' is always more defendant-friendly than the 'receipts' definition," used the rule of lenity to "break the tie" between the competing interpretations, and advocated that the "profits" definition be used for all cases arising under the money-laundering statute. Id. at 2025.

As the fifth vote, Justice Stevens' narrower concurring opinion limited the Court's holding. Santos, 128 S.Ct. at 2031; see also Marks v. U.S., 430 U.S. 188, 193 (1977). Justice Stevens noted the lack of legislative history in regard to the "proceeds" of an illegal gambling business, and argued that the application of the "receipts" definition to this particular predicate offense would lead to a "perverse result." Id. at 2033. Justice Stevens agreed with the plurality's holding in the narrowest sense, that "proceeds" means "profits" in the context of an illegal gambling business. Id. at 2034. Stevens also argued that the term "proceeds" could have different definitions, either profits or gross receipts, when applied to each of the varied predicate offenses for money laundering. Id. at 2034 n. 7.

### Order Denying Halstead's § 2255 Petition

In denying Halstead's amended § 2255 petition, the Court found that the Supreme Court's decision in Santos did not apply to his conviction and sentence for conspiracy to commit money laundering.

3

**HALSTEAD v. UNITED STATES**                               **1:08cv135/1:01cr45-4**

ORDER GRANTING CERTIFICATE OF APPEALABILITY

Instead, the Court applied the general rule that "proceeds" means "receipts."  Thus, the Court found that "the government did not have to show any evidence establishing that the proceeds used [in Halstead's case] were profits, the Court did not need to instruct the jury to consider only profits . . . in determining proceeds, and the Court did not err by using gross receipts to calculate the money laundering loss number at sentencing."  Crim. Dkt. No. 550 at 7.

In so finding, the Court recognized that federal courts applying Santos have varied in their interpretations of the holding.  Id. at 5.  More specifically, the Court noted that the courts are split as to whether Santos applies in all money laundering cases, or only in those cases where the underlying offense is illegal gambling.  Id.  Relying on the persuasiveness of a Fourth Circuit case which found that, for precedential purposes, only the narrowest holding of Santos could be applied, the Court concluded that Santos does not apply in cases where the underlying offense is not illegal gambling, and denied Halstead's motion.  Id. at 6-7.

## Conclusion

In light of the acknowledged dispute among the courts interpreting Santos as to its applicability in cases where the

4

**HALSTEAD v. UNITED STATES**                           **1:08cv135/1:01cr45-4**

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

underlying offense is something other than illegal gambling, it is clear that jurists of reason could find this Court's assessment of Halstead's claims debatable.  Thus, the Court **GRANTS** Halstead's motion (Crim. Dkt. No. 552/Civ. Dckt. No. 15), **ISSUES** a Certificate of Appealability for Halstead's Amended Petition under 28 U.S.C. § 2255, and **DIRECTS** the Clerk to transmit a copy of this Order to counsel of record, and to the Fourth Circuit Court of Appeals.

It is so **ORDERED**.

DATED: July 30, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE